## STUETZLE et al. v. LINDINGER.

(Supreme Court, Appellate Term. December 22, 1911.)

BILLS AND NOTES (§ 516*)—ACTION—SUFFICIENCY OF EVIDENCE.

    Evidence in an action on a note *held* insufficient to sustain a judgment for plaintiff.

    [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 516.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Xavier Stuetzle and another against Fritz Lindinger. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Louis Wendel, Jr., for appellant.

A. Joseph Geist (Charles Trask, of counsel), for respondents.

PER CURIAM. The plaintiff has recovered judgment upon a note which purports to be signed by the defendant. The defendant denies that he made or delivered this note. At the trial the payee of the note testified that defendant delivered the note to him in blank, but signed in its present form, with instructions to fill out the blanks and to use it in renewal of a previous note, which the defendant had given this payee for his accommodation, and which had been discounted by the plaintiff. The defendant denied his signature, and denied the whole transaction, except that he admitted that some time previous he had given the payee a note for his accommodation, which had been discounted by the plaintiff, and which he had paid before this date. The defendant also introduced in evidence a number of exhibits actually signed by him, for the purpose of affording a standard of comparison with the disputed writing. A comparison of these signatures shows that they bear no resemblance to the disputed signature.

It cannot be contended, therefore, that upon this record the plaintiff has shown that the note in suit was signed by the defendant. In fact, the trial justice did not so find, but placed his decision upon the ground that the defendant gave this note as a renewal of a previous note, representing that the signature was his. Of course, if the facts are as found by the trial justice, the liability of the defendant was established. It does not appear to us, however, that the plaintiff has shown these facts by any preponderance of evidence. If the note is not signed by the defendant, the proof of the surrounding circumstances, and especially that this note was used in renewal of a previous note then in existence, should be clear. Upon a trial, where these issues are clearly defined, it may be that the plaintiff can produce such proof; but upon this record we are clearly of the opinion that the proof adduced is insufficient.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.